IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| EVENFLO COMPANY, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT DAMAGES**

Plaintiff Wonderland Switzerland AG ("Wonderland") files this Complaint for supplemental damages against Defendant Evenflo Company, Inc. ("Evenflo") arising from Evenflo's continued infringement of U.S. Patent Nos. 7,862,117 ("the '117 patent"), 8,087,725 ("the '725 patent"), and 8,123,294 ("the '294 patent") (collectively, the "Asserted Patents"). Plaintiff Wonderland alleges:

**NATURE OF THE ACTION**

1. This is a patent infringement action for damages in the form of future and continuing royalties and willful infringement, post-judgment from a patent infringement trial in which the Asserted Patents were found infringed by Evenflo and Wonderland was awarded a reasonable royalty of $343,680 based on a royalty rate of $4 per unit and the number of units being 85,920.

**THE PARTIES**

2. Wonderland is a corporation limited by share ownership (AG) duly organized and existing under the laws of Switzerland, having its principal place of business at Beim Bahnhof 5, 6312 Steinhausen, Switzerland.

3. On information and belief, Evenflo is a Delaware corporation having its principal place of business at 225 Byers Road, Miamisburg, Ohio 45342-3614.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under at least 28 U.S.C. §§ 1331 and 1338(a) and §§ 2201-2202 because this action arises from patent infringement claims under the patent laws of the United States, 35 U.S.C. §§ 1, 271 and 281, et seq.

5. This Court has both general and specific personal jurisdiction over Defendant Evenflo because Evenflo is organized and incorporated under the laws of this state. Evenflo has also established minimum contacts with the forum state of Delaware, including in at least the following ways: (1) Evenflo owns and/or operates an interactive Internet website, www.evenflo.com, that is accessible to residents of Delaware, through which goods, including Evenflo's EveryStage LX, DLX and Gold models of car seats (collectively, "EveryStage Car Seat" or "Accused Products"), are advertised and sold, (2) Evenflo offers and sells its goods to residents of Delaware, including its EveryStage Car Seat through online retailers such as Amazon.com. Thus, Evenflo has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction by this Court is proper.

6. Venue is proper in this federal district pursuant to 28 U.S.C. § 1400(b) because Evenflo is incorporated in the State of Delaware.

## STATEMENT OF FACTS

7. The United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,862,117, entitled "Head Rest and Harness Adjustment for Child Seat," on January 4, 2011. Wonderland is the owner of all substantial rights, title, and interest in and to the '117 patent,

including the right to sue for infringement. (A copy of the '117 patent is attached hereto as Exhibit A).

8. The PTO issued U.S. Patent No. 8,087,725, entitled "Head Rest and Harness Adjustment for Child Car Seat," on January 3, 2012. The '725 patent is a continuation of the '117 patent. Wonderland is the owner of all substantial rights, title, and interest in and to the '725 patent, including the right to sue for infringement. (A copy of the '725 patent is attached hereto as Exhibit B).

9. The PTO issued U.S. Patent No. 8,123,294, entitled "Harness Storage System for Child Car Seats," on February 28, 2012. Wonderland is the owner of all substantial rights, title, and interest in and to the '294 patent, including the right to sue for infringement. (A copy of the '294 patent is attached hereto as Exhibit C).

10. On December 14, 2018, Wonderland filed a complaint in the District Court for the District of Delaware against Evenflo for infringement of the '117 patent, the '725 patent, and the '294 patent. *See Wonderland Switzerland AG v. Evenflo Co.*, C.A. No. 18-1990-RGA ("*Wonderland I*"), D.I. 1.

11. On September 29, 2021, after a bench trial and post-trial briefing, the Court entered a Memorandum Opinion and Order finding Evenflo infringed claims 6 and 8 of the '294 patent, claim 1 of the '725 patent, and claim 9 of the '117 patent. *Wonderland I*, D.I. 188, 204.

12. The Court also found that Evenflo failed to prove that the claims of the Asserted Patents were invalid. *Id.*, D.I. 152, 153, 188, 204.

13. The Court entered judgment that Wonderland was entitled to damages in the amount of $343,680. *Id.*, D.I. 188, 204.

14. On July 5, 2022, after briefing, the Court denied Wonderland's motion for a permanent injunction. *Id.*, D.I. 200, 204.

15. On September 1, 2022, the parties submitted a proposed final judgment and a joint status report stating that no issues remained unresolved. *Id.*, D.I. 203.

16. The Court signed the proposed final judgment that same day. *Id.*, D.I. 204 (copy of the judgment is attached as Exhibit D).

17. The final judgment did not award any damages for sales between the end of the time period considered by the experts to trial, for sales from trial to final judgment, nor for sales made after final judgment. *Id.* The time period considered by the experts concluded on the date of last accounting, February 29, 2020. Pre-judgment and post-judgment interest were also not included in the damages calculation.

18. On September 22, 2022, Wonderland filed a motion to correct the final judgment under Federal Rule of Civil Procedure 60(a). *Id.*, D.I. 206. The motion sought to correct the $343,680 judgment entered to include royalties on all infringing sales, including those continuing post-judgment at a rate of $4 per unit. *Id.*

19. While Wonderland's motion was pending, Evenflo filed, and the Court ordered, an unopposed motion to stay execution of the judgment pursuant to Federal Rule of Civil Procedure 62(a) until the motion to correct was decided. *Id.*, D.I. 208.

20. On April 19, 2023, after briefing, the Court denied Wonderland's motion to correct the final judgment under Federal Rule of Civil Procedure 60(a). *Id.*, D.I. 218. In the order denying the motion, the Court stated that "[i]t may be that Defendant has been willfully infringing the patents for some period of time since the trial, or my trial decision, but that is not grounds for invoking Rule 60(a)." *Id.*

21. On May 19, 2023, Wonderland appealed to the United States Court of Appeals for the Federal Circuit. *Id.*, D.I. 222.

22. On May 2, 2023, Wonderland filed a motion for clarification and/or reconsideration of the Court's April 19, 2023 Order (*Id.*, D.I. 218). In its motion, Wonderland requested the Court to reconsider its Order or clarify that Wonderland is entitled to the Court's awarded royalty of $4 per unit for Evenflo's pre-judgment infringing sales. *Id.*, D.I. 219.

23. On July 5, 2023, the Federal Circuit stayed the briefing schedule pending resolution of the motion for clarification and/or reconsideration. *Id.*, D.I. 227.

24. On April 28, 2025, the Court denied Wonderland's motion for clarification and/or reconsideration. *Id.*, D.I. 232.

25. On July 16, 2025, the United States Court of Appeals for the Federal Circuit dismissed the appeal. *Id.*, D.I. 234.

26. Wonderland now brings this complaint for supplemental damages including royalties arising from the Court's finding of patent infringement in *Wonderland I*.

27. Since February 29, 2020, the date of the last accounting before trial in *Wonderland I*, Evenflo has continued, and on information and belief, will continue to make, use, sell, offer for sale, and/or import into the United States the EveryStage Car Seat products.

28. Evenflo had actual notice of the judgment at least at the time of the Court's issuance of its Memorandum Opinion on September 29, 2021 (*Id.*, D.I. 188), and subsequently on September 1, 2022, after issuance of the Court's Final Judgment (*Id.*, D.I. 204). Evenflo's ongoing sales of the EveryStage Car Seat products are with full knowledge of the Memorandum Opinion and Final Judgment.

29. Evenflo's ongoing sales of EveryStage Car Seat products infringe the Asserted Patents. Evenflo is bound by the Memorandum Opinion and Final Judgment from further litigating any issues relating to infringement or validity of the Asserted Patents.

30. Evenflo's ongoing infringement of the Asserted Patents is a calculated and deliberate decision by Evenflo.

31. Any manufacture, use, sale, offer for sale, and/or importation into the United States of EveryStage Car Seat products by Evenflo after the last day of trial, constitutes willful, direct and/or contributory infringement of the Asserted Patents by Evenflo.

## COUNT ONE
### (Continued Willful Infringement & Supplemental Damages)

1. Wonderland realleges, and incorporates by reference in full herein, each of the preceding paragraphs.

2. This Court entered judgment against Evenflo for infringing claims 6 and 8 of the '294 patent, claim 1 of the '725 patent, and claim 9 of the '117 patent. *Wonderland I*, D.I. 188.

3. Following the Court's entry of judgment and finding of infringement of all Asserted Patents, Evenflo continued, and on information and belief, will continue to infringe the Asserted Patents by making, using, selling, offering for sale, and/or importing into the United States the EveryStage Car Seat products.

4. Wonderland was and continues to be harmed by Evenflo's continued infringement of the Asserted Patents.Wonderland seeks reasonable royalty damages for Evenflo's infringing sales from the time of trial and ongoing.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Wonderland respectfully requests that this Court:

(a) Adjudge that Evenflo's manufacture, use, sale, offer for sale, and/or importations of the EveryStage Car Seat products are continued and ongoing direct infringement and/or contributory infringement of the Asserted Patents under 35 U.S.C. §§ 271, 285 and 285;

(b) Adjudge that each instance of Evenflo's infringement, direct and/or contributory, of the Asserted Patents as of the date of the last accounting before trial in *Wonderland I* (February 29, 2020) and going forward is willful;

(c) Order Evenflo to produce quarterly reports, beginning from February 29, 2020, accounting for the number of units of EveryStage Car Seat products sold and the gross sales revenue for EveryStage Car Seat products sold in the United States and/or made in the United States and sold abroad during the respective quarter commencing with the third quarter of 2021 and going forward for the term of the Asserted Patents;

(d) Award Wonderland all available and legally permissible damages and relief sufficient to compensate Wonderland for Evenflo's ongoing and continuing infringement of the '294 patent, the '725 patent, and the '117 patent, increased threefold for willfulness, together with interest and costs;

(e) Adjudge that Evenflo's willful infringement, direct and/or contributory, from February 29, 2020 and going forward over the terms of the Asserted Patents renders this case exceptional under 35 U.S.C. § 285 and that Wonderland is entitled to an award of attorneys' fees in the prosecution of this action;

(f) Award Wonderland pre-judgment and post-judgment interest; and

(g) Award Wonderland such other and further relief as may be permitted and is appropriate at law or in equity.

|  |  |
|---|---|
|  | */s/ Virginia K. Lynch* |
|  | Karen E. Keller (No. 4489) |
|  | Virginia K. Lynch (No. 7423) |
|  | SHAW KELLER LLP |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
|  | (302) 298-0700 |
|  | kkeller@shawkeller.com |
|  | glynch@shawkeller.com |
| Dated: December 17, 2025 | *Attorneys for Plaintiff* |